FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 02 2020

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KAMETRIC BURLEY, Individually and on Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                           No. 4:20-cv-226-DPM

**CENTRAL ARKANSAS AREA AGENCY ON AGING, INC.**                                **DEFENDANT**

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Kametric Burley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Central Arkansas Area Agency on Aging, Inc ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Pulaski County.

7. Defendant is a domestic, nonprofit corporation.

8. Defendant's registered agent for service is Luther R. Mattingly, at 700 W. Riverfront Drive, North Little Rock, Arkansas 72114.

9. Defendant does business as Carelink.

10. Defendant also does business as Hospice of Central Arkansas.

11. Defendant has a website which is located at https://www.carelink.org/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food, vehicles and prescription drug counseling.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16. Defendant's primarily business is planning, coordinating and offering services to help older adults remain independent.

17. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

18. At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

19. Plaintiff worked for Defendant as an hourly paid Care Coordinators from approximately June of 2017 to February of 2020.

20. At all relevant times herein, Defendant directly hired Care Coordinators and other employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. As a Care Coordinator, Plaintiff performed duties on Defendant's behalf such as traveling to clients' residences and assessing their situation for eligibility to participate in Defendant's various programs.

22. At all relevant times herein, Plaintiff worked out of Defendant's location in North Little Rock, but she spent most of the day at customers' residences.

23. Plaintiff regularly worked more than forty (40) hours in a single workweek.

24. It was Defendant's commonly applied practice not to pay Plaintiff and other hourly employees for all the hours during which they performed work for Defendant.

25. Defendant did not have a system whereby Plaintiff and other hourly employees could clock in or clock out.

26. All of Plaintiff's work was timestamped by Defendant's system, including the date and time Plaintiff logged in, even if she was working from home.

27. Defendant did not calculate hours based on its own system's timestamps.

28. Defendant required Plaintiff and other hourly employees to submit their hours via spreadsheet up until June of 2019, and after June of 2019 via a payroll program.

29. Defendant instructed Plaintiff and all other hourly employees to not submit more than forty hours per week.

30. Defendant knew or should have known that Plaintiff and other hourly employees were working additional hours off-the-clock for which they were not compensated.

31. Plaintiff and other Care Coordinators were required to drive their own personal vehicle on Defendant's behalf.

32. Plaintiff and other Care Coordinators drove between 80 and 150 miles per week.

33. The system whereby Plaintiff and other Care Coordinators tracked their mileage was deficient and incorrectly recorded Plaintiff and other Care Coordinator's mileage, to Defendant's benefit.

34. Plaintiff and other Care Coordinators were not paid for some of the mileage owed to them.

35. Therefore, Plaintiff and other Care Coordinator's consistently "kicked back" mileage to Defendant, which caused additional overtime violations. 29 C.F.R. § 531.35

36. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

37. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by

Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

 A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

 B. Liquidated damages; and

 C. Attorney's fees and costs.

40. Plaintiff proposes the following class under the FLSA:

**All hourly employees who recorded at least
39 hours of work in any week in the past three years.**

41. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

42. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

43. The members of the proposed FLSA class are similarly situated in that they share these traits:

 A. They were subject to Defendant's common policy of requiring hourly employees to record only forty hours per week;

 B. They were subject to Defendant's common policy of failing to pay for all hours worked; and

 C. They recorded their time in the same manner.

44. Plaintiff is unable to state the exact number of the collective but believes that it exceeds fifty (50) persons.

45.   Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

46.   The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

47.   The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

48.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52.   Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

53.   Defendant failed to pay Plaintiff for all hours worked, including one and one-half times her regular rate for all hours worked in excess of forty hours per week.

54.   Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

57. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week

and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

65. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

66. Defendant knew or should have known that its actions violated the FLSA.

67. Defendant's conduct, as described above, has been willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

69. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

73. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

76. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

77. Defendant knew or should have known that its practices violated the AMWA.

78.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

79.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kametric Burley, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA and a Rule 23 class under the AMWA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF KAMETRIC BURLEY,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H., Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KAMETRIC BURLEY, Individually and on
Behalf of All Others Similarly Situated**                                            **PLAINTIFF**

vs.                                          No. 4:20-cv-226-DPM

**CENTRAL ARKANSAS AREA**                                                             **DEFENDANT**
**AGENCY ON AGING, INC.**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Central Arkansas Area Agency on Aging, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Kametric Burley*
**KAMETRIC BURLEY**
March 2, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**