IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KAMETRIC BURLEY, Individually and on	PLAINTIFF
Behalf of All Others Similarly Situated

Vs.	No. 4:20-cv-226-DPM

CENTRAL ARKANSAS AREA AGENCY ON AGING, Inc.	DEFENDANT

## PROTECTIVE ORDER

The following governs discovery (*i.e.*, produced documents, answered interrogatories, deposition testimony, and deposition exhibits) in this case:

1. "Confidential Information" is any information that is normally kept confidential. Some examples include social security numbers; medical information; and information protected by applicable laws like the Health Insurance Portability and Accountability Act ("HIPAA"), Medicare, and Medicaid.

2. To designate a document as one containing Confidential Information, the disclosing party must conspicuously mark the document's front page with the word "CONFIDENTIAL" and provide the recipient with an index listing each page claimed to contain Confidential Information.

To designate discovery responses as confidential, the disclosing party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer or response claimed to contain Confidential Information.

To designate portions of deposition testimony as confidential, the deposing party must, within 15 days of receiving the transcript, provide all other parties with a copy marked "CONFIDENTIAL" and an index of the page and line numbers claimed as

confidential. All deposition testimony must be treated as confidential until 15 days after the deposing party receives a copy of the transcript.

3. It is the burden of the disclosing party to prove designated information is confidential; but the receiving party must treat confidential all designated information until the disclosing party removes its designation or the Court rules it is not confidential.

4. Confidential Information may not, without the written consent of the disclosing party or a court order, be given, shown, made available, or communicated to anyone except the following:

    a. Anyone to whom the parties agree in writing to provide Confidential Information to or to anyone to whom the Court orders Confidential Information to be provided to;

    b. The parties;

    c. The parties' lawyers, their employees or agents who are assisting with this case;

    d. Any court and its staff (including court reporters and recorders engaged for depositions);

    e. Witnesses who might testify in this case and to whom disclosure is reasonably necessary; and

    f. The original author or recipient of the document.

5. When giving Confidential Information to anyone (other than a court or its staff) the disclosing party must provide the recipient with a copy of this order and obtain a signed copy of the document entitled "Acknowledgment, Agreement, and Inventory" in the form attached as **Exhibit 1**.

6. The parties may seek modification of this Order only after making reasonable, diligent, and cordial efforts to agree on changes. A motion seeking

modification of this Order must state whether the parties agree to the requested changes and, if unable to agree, what efforts were made.

7. If the parties wish to file Confidential Information under seal they must request leave to file it under seal and provide the basis for filing it under seal – other than simply because the information is subject to protection by this Order.

8. Disputes regarding the designation of documents or information as confidential must be addressed as ordered in the Court's Initial Scheduling Order—Collective Action [ECF No. 5].

9. Within 30 days of the conclusion of this case (including any appeals), except for documents in the possession of an attorney for one of the parties, all documents containing Confidential Information must be returned to the disclosing party unless:

    a. The document has been entered as evidence or filed (unless under seal);

    b. The parties stipulate to destruction in lieu of return; or

    c. A receiving party who has made notations or remarks on a document elects destruction in lieu of return.

10. Attorneys for the parties may maintain Confidential Information in their files for up to five (5) years or the applicable period of any malpractice statute of limitation, whichever period is longer.

11. This Order is binding through and after this litigation. One year after the conclusion of this case and all appeals, this Order ceases to be in effect. The cessation of the effectiveness of this Order does not otherwise relieve any party of its obligation under applicable law, for example HIPAA, to keep information confidential.

IT IS SO ORDERED this 15th day of December, 2020.

*DPMarshall Jr.*
UNITED STATES DISTRICT JUDGE

*EXHIBIT 1*

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KAMETRIC BURLEY, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

**Vs.**            **No. 4:20-cv-226-DPM**

**CENTRAL ARKANSAS AREA AGENCY ON AGING, Inc.**            **DEFENDANT**

### ACKNOWLEDGMENT, AGREEMENT, AND INVENTORY

I have received information marked confidential (as listed below) and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

I understand that violating the Protective Order might result in penalties for contempt of court. I submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order.

I reserve the right to argue the information is not confidential but will treat it as though it is confidential until the disclosing party removes the designation, or the Court orders otherwise. I agree not to disclose any confidential information to anyone other than those people allowed by the Protective Order.

The following is a list of documents marked as confidential that I have received:

_____
_____
_____
_____
_____
_____

Name: _____

Address: _____

_____

Signature: _____

Date: _____