IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KAMETRIC BURLEY, Individually and
on Behalf of All Others Similarly Situated                    PLAINTIFF

v.                        No. 4:20-cv-226-DPM

CENTRAL ARKANSAS AREA
AGENCY ON AGING, INC.                                         DEFENDANT

## ORDER

1. Before deciding Central Arkansas Area Agency on Aging's motion for summary judgment, the Court has some brush to clear. Burley has abandoned her mileage claims. *Doc. 37 at 12.* There have been five opt-ins. So there is no need for group litigation. The Court decertifies the collective and directs the Clerk to add Mia Simmons, Christine Harms, Sabrina McMahon, Tracey Miles, and Mae White as named Plaintiffs. And the Court denies the Agency's motion to strike. Burley's response to the statement of undisputed facts substantially complies with the Scheduling Order, and it accords with her deposition testimony.

2. The Agency seeks judgment as a matter of law, emphasizing time records and Burley's deposition testimony about specific weeks and vacation time. According to the Agency, Burley admitted that she was always properly compensated for any overtime worked, and the

documents bear that out. The employer also points to its president's deposition and affidavit, as well as a supervisor/fellow caregiver's affidavit.

Burley responds that she consistently worked overtime without proper pay and that the Agency's stated overtime policy cloaks a practice of discouraging reporting extra hours and punishing employees that do. Her work regularly began around 6:00 a.m. and continued into the evening. She testified about particular tasks, though she could not specify particular weeks in which she earned unpaid overtime. She was paid properly for all recorded time, but she says the company dissuaded her from claiming all the hours she actually worked.

Taking all disputed facts, and making all reasonable inferences, in Burley's favor, *McElree v. City of Cedar Rapids*, 983 F.3d 1009, 1014–15 (8th Cir. 2020), there are issues for trial. Reasonable jurors could conclude that the Agency had a shadow policy against proper overtime pay for care coordinators. Burley's testimony on deposition eliminates her overtime claim for certain weeks. But this isn't an outlier case with a vanishingly thin record that entitles the employer to prevail as a matter of law. *Compare Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014); *Meinke v. Southern Paramedic Services, Inc.*, 2017 WL 157737, at *1 (E.D. Ark. 10 January 2017). A jury could find that the Agency has an onerous process for care coordinators to get overtime

pay, including usually having to get pre-approval from their supervisors, *Doc. 29-2 at 15*, and having to make extra efforts to get non-preapproved overtime hours fully paid, *Doc. 29-3 at 25–26*. That process has at least the potential for delaying paychecks. *Doc. 29-3 at 45*. There's also a slice of testimony from the Agency's president that a jury could weigh against the employer. He said that repeated unapproved overtime requests can result in discipline if supervisors detect "a continual problem[.]" *Doc. 29-2 at 15*. On the one hand, every employer is entitled to require efficient work from employees. On the other, an employer may not sit back and accept the benefits of overtime hours without compensating its employees for those hours. 29 C.F.R. § 785.13. Here, a jury could reasonably conclude that the twin threats of lagging pay and discipline discouraged Burley and other employees from seeking earned overtime.

* * *

Central Arkansas Area Agency on Aging's motion for summary judgment, *Doc. 29*, is partly granted and partly denied. Burley's conceded mileage claims are dismissed with prejudice. Her overtime claims fail for weeks addressed specifically in her deposition where she acknowledged complete payment. Her claims as to other weeks proceed. The individual overtime and mileage claims of the five opt-ins, now named Plaintiffs, go forward. The collective claims are

dismissed without prejudice. The Agency's motion to strike, *Doc. 47*, is denied. An Amended Final Scheduling Order will issue.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

3 June 2021